IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| FAMILIAS UNIDAS POR LA EDUCACIÓN, | § § | |
| Plaintiff, | § § | |
| v. | § § | EP-20-CV-170-DB |
| EL PASO INDEPENDENT SCHOOL DISTRICT, | § § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO STRIKE REBECCA AFSHAR'S EXPERT REPORT AND TESTIMONY

On this day, the Court considered Plaintiff Familias Unidas Por La Educación's ("Familias Unidas") "Opposed Motion to Strike Expert Report and Testimony of Rebecca Afshar" ("Motion to Strike"), filed on April 29, 2022. ECF No. 86. Familias Unidas asks that the Court strike Ms. Afshar's expert report and testimony because she failed to disclose notes she had relied on in forming the opinions contained in her report as required by Federal Rule of Civil Procedure 26 ("Rule 26"). Mot. to Strike 1, ECF No. 86; Fed. R. Civ. P. 26(a)(2)(B)(ii).

Defendant El Paso Independent School District ("EPISD") responded to the Motion to Strike two weeks later. Resp., ECF No. 90. In its response, EPISD argues that Ms. Afshar's report complies with Rule 26 as it contains the substance of the information she considered in forming her opinion. *Id.* Additionally, EPISD argues that Ms. Afshar's failure to disclose her notes is harmless. *Id.* at 9.

The two issues raised by the Motion to Strike are (1) whether Rule 26 requires an expert to disclose her notes when she used those notes to form her opinion, and (2) whether Ms. Afshar's failure to disclose her notes is harmless. The Court finds that Rule 26 does not require

experts to disclose their working notes, and that even if it did, the failure to provide them was harmless.   Accordingly, the Court will deny the Motion to Strike.

## BACKGROUND

The Motion to Strike now before the Court is part of a lawsuit charging that EPISD intentionally discriminated against Mexican and Mexican American students, in violation of the Fourteenth Amendment's Equal Protection Clause and of Title VI of the Civil Rights Act, when it closed three elementary schools.   Compl. ¶¶ 300, 305, 311, ECF No 24.   The lawsuit was brought by Familias Unidas, a nonprofit made up of parents, guardians and caregivers of the children who attended the schools that were closed.   *Id.* ¶ 5.   Familias Unidas argues that EPISD manipulated data about school capacity and utilization to justify closing schools with significantly greater percentages of Mexican and Mexican American students and parents than other schools in its control.   Mot. to Strike 4, ECF No. 86.

To prove or disprove that EPISD intentionally discriminated against students, both parties have designated experts who are required to produce and exchange expert reports with the opposing party pursuant to Federal Rule of Civil Procedure 26(a)(2)(A),(B).   One of those experts—Rebecca Afshar—was retained by EPISD to testify about the methodologies that EPISD used for calculating the capacity of its elementary schools.   Def.'s Designation of Expert Witnesses, ECF No. 51.   While preparing her report, Ms. Afshar consulted notes she had taken during a conversation with EPISD's former chief of staff, Jose Lopez.   Resp. 2, ECF No. 90. She no longer has those notes.   Mot. to Strike 2–3, ECF No. 86.   Familias Unidas argues that Ms. Afshar is required to disclose those notes, since she relied on them in forming her expert opinion.   Mot. to Strike 7, ECF No. 86; Fed. R. Civ. P. 26(a)(2)(B)(ii).   EPISD disagrees, and believes Ms. Afshar complied with Rule 26.   Resp. 4, ECF No. 90.

2

**LEGAL STANDARD**

"The specific purpose of the requirement to exchange expert reports is to eliminate unfair surprise to the opposing party and to conserve judicial resources." *Headley v. Ferro Corp.*, 630 F.Supp.2d 1261, 1266 (W.D. Wash. 2008).   To that end, Federal Rule of Civil Procedure 26(a)(2)(B) requires expert witnesses to produce a report that contains "(ii) the facts or data considered by the [expert] witness in forming [her opinions]."   Fed. R. Civ. P. 26(a)(2)(B)(ii).

"If a party fails to provide information . . . as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless."   Fed. R. Civ. P. 37(c)(1). The burden of proving that the failure to disclose was substantially justified or harmless is on the party facing sanctions.   *Sanchez v. Swift Transp. Co. of Arizona, LLC*, 4:15CV15–LG, 2017 WL 2829703, at *2 (W.D. Tex. June 29, 2017) (citations omitted).

**ANALYSIS**

Familias Unidas argues that Rebecca Afshar's Report does not meet the requirements of Rule 26 and that its use is therefore disallowed by Rule 37.   The two issues before the Court are (1) whether Rule 26 requires Ms. Afshar to disclose her notes from her conversation with former EPISD chief of staff Jose Lopez and (2) whether her failure to disclose her notes is "harmless" for the purposes of Rule 37.

The initial issue is whether Ms. Afshar is required to produce her notes from her conversation with Mr. Lopez in the first place.   The Court begins by discussing the relevance of the contents of the notes to the larger lawsuit.   According to Familias Unidas the notes are relevant because they detail how EPISD calculated school capacity.   Mot. to Strike 3, ECF No.

3

86.   School capacity, in turn, was used to determine campus utilization, "one of EPISD's

purported criterion for selecting schools for closure."   Mot. to Strike 3, ECF No. 86.

        The Court now considers the legal dispute about how much disclosure Rule 26

requires—namely, does Rule 26 require experts to disclose notes that contained information they

considered in writing their expert report?   Familias Unidas argues that because Ms. Afshar

considered—and relied on—the information she gained from her conversation with Mr. Lopez in

forming her expert opinion, she is required by Rule 26 to produce her notes from that

conversation.   Mot. to Strike 7, ECF No. 86; *see* Fed. R. Civ. P. 26(a)(2)(B)(ii) (requiring expert

witness reports to include "the facts or data considered by the [expert] in forming [her

opinion].")   EPISD argues that "Ms. Afshar's Report [complies] with Rule 26 as it contains the

substance of the conversation she had with Mr. Lopez about the District's determination of

school capacity."   Resp. 5, ECF No. 90.

        The Court next evaluates whether Ms. Afshar's report contain the substance of

her conversation with Mr. Lopez.   Familias Unidas argues that it does not.   As evidence that

Ms. Afshar's expert report is incomplete or inaccurate, Familias Unidas points to sections of the

report where Ms. Afshar's descriptions of how EPISD calculated school capacity conflict with

Mr. Lopez's descriptions of how EPISD calculated school capacity in other instances.   Mot. to

Strike 4–5, ECF No. 86.   For example, Ms. Afshar's report states that when calculating school

capacity EPISD considered "room features like ventilation, classroom environment, adjacencies,

temperature and potentially more."   Afshar Expert Report 7, ECF No. 86-4.   However, at a

school board meeting in 2018, and again during his deposition, Mr. Lopez stated that EPISD

counted all rooms that were "classroom size" without considering other factors.   2018 Special

Meeting of EPISD Board of Trustees at 0:04:15–0:04:23 ("As long as it's classroom size, we are

4

counting it."), ECF No. 86-2; Lopez Dep. at 116:13–16 ("And the question that we would ask is [is] this the classroom size."), ECF No. 86-5.

Rule 26 states that an expert's report "must contain (i) a complete statement of all opinions the witness will express and the basis and reasons for them [and] (ii) the facts or data considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B). The rule does not explicitly require an expert to disclose her working notes, and other courts have found that if the substance of the notes was contained in the report, disclosure of the notes themselves is not necessary. Fed. R. Civ. P. 26(a)(2)(B); *Bona Fide Conglomerate, Inc. v. SourceAmerica*, No. 3:14-CV-751, 2019 WL 1369007, *20 (S.D. Cal. Mar. 26, 2019).

The question of whether Ms. Afshar's report contains the substance of her conversation with Mr. Lopez is a close call because of the minimal support EPISD offers to prove that point. Ultimately, however, the Court agrees that Ms. Afshar's report contains the substance of her conversation with Mr. Lopez *as she remembers it*. While Ms. Afshar did not directly testify that her report contained the substance of her conversation with Mr. Lopez, she does testify that her knowledge about what EPISD calculates as teaching stations comes from the "calculations and conversation that [she has] had with Jose Lopez" (121:4–7) and that she relied on that conversation when putting together her report. Afshar Dep. 121:4–7, 114: 9–11, ECF No. 90-1 at 39, 42[1]. Additionally, Jose Lopez testified that Ms. Afshar's report accurately reflected the conversation they had, and there is no evidence suggesting that Ms. Afshar was attempting to manipulate her expert opinion in bad faith. Lopez Dep. 196:24–197:4, ECF No.

---

1 When citing depositions, the first set of page numbers refer to the deposition transcript page and line numbers, and the second set of page numbers refer to the page numbers automatically assigned to the exhibit as a whole by the Court's ECF system.

90-1 at 92–93; Afshar Dep., ECF No. 86-1.   The Court thus agrees with EPISD that Rule 26

does not require Ms. Afshar to produce her notes.

   The second issue is whether Ms. Afshar's failure to disclose her notes is harmless.

Even if Ms. Afshar's non-disclosure of her notes was a violation of Rule 26, her report and

testimony would still come in because her failure to disclose is harmless.   The burden is on

EPISD to show that the failure to disclose is harmless.   *Sanchez*, 4:15CV15–LG, 2017 WL

2829703, at *2.   Resolution of this issue strengthens the Court's conclusion that Ms. Afshar

should not be sanctioned, as it is clear that her non-disclosure is harmless.

   At least one other court has found that failure to disclose an expert's notes is

harmless when any potential harm could be cured by allowing the opposing party to cross-

examine the expert.   *Bona Fide Conglomerate, Inc. v. SourceAmerica*, No. 3:14-CV-751, 2019

WL 1369007, *20 (S.D. Cal. Mar. 26, 2019).   Cross-examination can cure potential harm by

allowing the opposing party to attack an expert witness's credibility with respect to the report at

issue and by allowing the opposing party "to present evidence of [the witness's] destruction of

the [ ] notes and to argue to the jury that the notes could have been helpful to [its] case."   *Id.*

The cross-examination thus prevents a party from attaining any unfair advantage through its

violation of Rule 26.   This Court agrees.

   If Familias Unidas's hope is to discredit Ms. Afshar by challenging her finding

that EPISD used sound methodology to determine campus capacity, it has evidence on the record

which it could use to cross-examine Ms. Afshar.   Afshar Dep. 116–19, ECF No. 86-1 at 8–11.

Familias Unidas also has evidence on the record that it can use to cross-examine Mr. Lopez,

including former trustee Susie Byrd's questioning of EPISD's methodology for determining

campus capacity.   Mot. to Strike 3, ECF No. 86.   What's more, Familias Unidas can directly

point out Ms. Afshar's failure to retain her notes and the conflicts between her testimony and Mr. Lopez's testimony. The Court believes that the abundant record—currently spanning over 4,000 pages—contains sufficient material for Familias Unidas to challenge Ms. Afshar's opinion during cross-examination, making the non-disclosure of her notes harmless. It therefore finds that any failure to disclose the notes is harmless.

## CONCLUSION

Plaintiff Familias Unidas moves to strike expert witness Rebecca Afshar's report and testimony, arguing that her report violates Federal Rule of Civil Procedure 26(a)(2)(B)(ii). The Court finds that Ms. Afshar's report does not violate Rule 26, and that even if it does, her failure to disclose her notes is harmless and thus use of the report is allowed under Rule 37. Therefore, Familias Unidas's Motion to Strike will be denied.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff Familias Unidas Por La Educación's "Opposed Motion to Strike Expert Report and Testimony of Rebecca Afshar," ECF No. 86, is **DENIED**.

SIGNED this _11th_ day of **July 2022.**

THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE

7