## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **FAMILIAS UNIDAS POR LA EDUCACIÓN,** | § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **EP-20-CV-170-DB** |
| **EL PASO INDEPENDENT SCHOOL DISTRICT,** | § § § | |
| **Defendant.** | § § | |

### MEMORANDUM OPINION AND ORDER GRANTING MOTION TO STRIKE SUPPLEMENTAL EXPERT REPORT AND PORTIONS OF SUR-REBUTTAL REPORT OF ANDRES BERNAL

On this day, the Court considered Plaintiff Familias Unidas Por La Educación's ("Familias Unidas") "Opposed Motion to Strike Supplemental Expert Report and Portions of Sur-Rebuttal Report of Andres Bernal" ("Motion to Strike"), filed on April 29, 2022.   ECF No. 85.   Familias Unidas asks that the Court strike portions of Mr. Bernal's Sur-Rebuttal Report and the entirety of his Supplemental Report.   Mot. to Strike 2, ECF No. 85.   Defendant El Paso Independent School District ("EPISD") filed a Response.   ECF No. 91.

Familias Unidas argues in its Motion to Strike that EPISD has violated federal rules that govern the manner in which expert reports must be filed and responded to, and it argues that parts of those reports should therefore be excluded.   It raises three specific issues: (1) whether Mr. Bernal's Supplemental Report is masquerading as a supplement in order to present new, untimely arguments in defiance of the Court's deadlines, (2) whether portions of Mr. Bernal's Sur-Rebuttal Report contain novel analyses that should have been included in his original report and therefore fall outside of limits of the sur-rebuttal allowed by the Court, and

(3) whether, if these disclosures were untimely or improper, they should nonetheless be admitted because any violations were substantially justified or harmless.

EPISD argues in its Response that Mr. Bernal's Supplemental Report was truly supplemental because it responded to one of Familias Unidas's expert's criticisms that hadn't been raised before, and it argues that Mr. Bernal's Sur-Rebuttal Report was within the scope of the Court's order allowing a sur-rebuttal because Mr. Bernal did not perform a new analysis but merely explained "what the proper analysis would be."    Resp. 7–11, ECF No. 91.    Thus—EPISD argues—neither the Supplemental Report nor any portion of the Sur-Rebuttal violates the rule governing the disclosure of expert reports, and neither should be stricken.    *Id.*

The Court finds that both reports contain novel, untimely arguments and therefore violate Rule 26 of the Federal Rules of Civil Procedure.    Additionally, the Court finds that the violations of Rule 26 are not substantially justified or harmless, and thus, the reports will be excluded.    Fed. R. Civ. P. 37(c)(1).    That being the case, the Court will grant the Motion to Strike.

## BACKGROUND

The Motion to Strike now before the Court is part of a lawsuit charging that EPISD intentionally discriminated against Mexican and Mexican American students, in violation of the Fourteenth Amendment's Equal Protection Clause and of Title VI of the Civil Rights Act, when it closed three elementary schools.    Compl. ¶¶ 300, 305, 311, ECF No 24.    The lawsuit was brought by Familias Unidas, a nonprofit made up of parents, guardians and caregivers of the children who attended the schools that were closed.    *Id.* ¶ 5.

To prove or disprove that EPISD intentionally discriminated against students, both parties designated experts who would produce reports about whether the closure of the three

schools had a disparate impact on Mexican and Mexican American students: Stephen Bronars for Familias Unidas and Andres Bernal for EPISD.   Designation of Expert Witnesses by Familias Unidas 2, ECF No. 41; Def.'s Designation of Expert Witnesses, ECF No. 51.

The production and exchange of those expert reports was expected to comply with Federal Rule of Civil Procedure 26(a)(2)(A) and (B) as well as the Court's own Scheduling Order.   Fed R. Civ. P. 26(a)(2)(A), (B); Revised Scheduling Order, ECF No. 37.   At the time the reports were filed, the Court's Scheduling Order allowed for each party's expert to produce an original report and for the opposing party to produce a rebuttal report.   Revised Scheduling Order ¶ 1, ECF No. 37.   Rebuttal reports were due fourteen days after receipt of the opposing expert's report.   Revised Scheduling Order ¶ 1, ECF No. 37.   The Scheduling Order did not allow for sur-rebuttal reports or other reports.   However, the Court later issued an Order authorizing EPISD to file a sur-rebuttal report that responded to Dr. Bronars's May 28, 2021 Report.   Order Granting Motion for Extension of Rebuttal Expert Deadlines, ECF No. 64.

The dispute at the heart of this Motion to Strike turns on the relationships between the reports ultimately produced by Dr. Bronars and Mr. Bernal.   The following chart shows all the reports that were filed:

| Original Report | Rebuttal Report | Sur-rebuttal Report |
|---|---|---|
| March 26, 2021 – Familias Unidas's expert Dr. Bronars timely submitted his original report.   ECF No. 41. | EPISD did not designate a rebuttal expert to Dr. Bronars's original report in the fourteen days that followed. | N/A |
| May 14, 2021 – EPISD's expert Andres Bernal timely submitted his original report.   ECF No. 51. | May 28, 2021 – Familias Unidas timely designated Dr. Bronars as a rebuttal expert to Mr. Bernal and served his rebuttal expert report on EPISD.   ECF No. 56. | June 25, 2021 – With the Court's permission, EPISD timely served a sur-rebuttal report in response to Dr. Bronars's rebuttal report (**Sur-Rebuttal Report**). ECF No. 65. |
| January 17, 2022 – EPISD—without notice to the Court—produced a third report authored by Mr. Bernal (**Supplemental Report**).   ECF No. 85. | | |

Familias Unidas argues that Mr. Bernal's Supplemental Report is only masquerading as a "supplemental" report and in fact offers a new analysis based on data that was available to him at the time of his original report.   Mot. to Strike 2, ECF No. 85.   It also argues that portions of Mr. Bernal's Sur-Rebuttal are an untimely rebuttal of Dr. Bronar's original report —rather than a *sur*-rebuttal addressing Dr. Bronar's May 28th report—and are therefore outside of the scope of what was allowed by the Court's order authorizing a sur-rebuttal.   *Id.*   EPISD disagrees, arguing that the Supplemental Report is properly supplementary and that the entirety of the Sur-Rebuttal Report falls squarely within the limits of the Court's authorization.   Resp. 7–11, ECF No. 91.

**ANALYSIS**

4

Rule 26 of the Federal Rules of Civil Procedure governs the production and exchange of expert reports is governed by, and it will guide the Court's analysis. First, the Court will look at whether Mr. Bernal's Supplemental Report is truly supplemental in that it corrects a prior filing that it later learned was incorrect or incomplete as allowed by Federal Rule of Civil Procedure 26(e)(1)(a). Second, the Court will consider whether Mr. Bernal's Sur-Rebuttal Report exceeds the scope of the sur-rebuttal allowed by the Court's order and violates Rule 26's requirement that an expert's original report contain all of the opinions a witness will express. *See* Fed. R. Civ. P. 26(a)(2)(B) (an expert's *original* report must contain "a *complete* statement of *all* opinions the witness will express."). Third, the Court will examine whether any violations of Rule 26 and the Court's order are substantially justified or harmless per Rule 37(c)(1).

1. **Mr. Bernal's Third Report is Not a Supplemental Report But an Untimely Submission that Violates Rule 26.**

Mr. Bernal's Supplemental Report analyzed Dr. Bronars's disparate impact calculations and performed a new statistical calculation. Bernal January 17, 2022 Rep., ECF No. 85–3. Familias Unidas argues that this Report violates Rule 26(a)(2)(B) because it masquerades as a supplemental report when in actuality it "offers a new statistical analysis and new opinions that depart from the analysis and opinion in his First Report." Mot. to Strike 4, ECF No. 85.

a. **Legal Standard for Supplemental Reports**

Testifying experts are required to produce a report containing the opinions they will express and the basis and reasons for them, among other things. Fed. R. Civ. P. 26(a)(2)(B)(i). Experts are required to supplement that report if they learn that it is incorrect or incomplete. Rule 26(a)(2)(E). Importantly, supplemental disclosures "are not intended to

5

provide an extension of the deadline by which a party must deliver the lion's share of its expert information." *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 571 (5th Cir. 1996).   The duty to supplement extends to information included in the expert's report and given during the expert's deposition.   Fed. R. Civ. P. 26(e)(2).   Apart from the original expert report, and any necessary supplements to that report, experts may also produce rebuttal reports in response to the expert reports provided by the opposing party.   Fed. R. Civ. P. 26(a)(2)(D)(ii).

### b.  Mr. Bernal's Third Report is not supplemental.

"Courts routinely reject untimely 'supplemental' expert testimony where the opinions are based upon information available prior to the deadline for expert disclosures and disclosure 'departs from [or] expands upon [the] original report in [any] material respects." *Holcombe v. United States*, 516 F. Supp. 3d 660, 670 (W.D. Tex. 2021); *see Pratt v. Landings at Barksdale*, No. CIV.A. 09-1734, 2013 WL 5375951, at *2 (W.D. La. Sept. 24, 2013) (striking a declaration after finding that it "contains new opinions, not mere logical extensions, that go beyond those previously presented" and that "appear to be based upon information available prior to the deadline for service of initial expert reports.").   In a recent opinion from the Western District of Texas, a court struck an expert report that posed as a supplemental report but in fact contained an entirely new statistical analysis.   *Daedalus Blue LLC v. SZ DJI Tech. Co.*, No. W-20-CV-00073-ADA, 2022 WL 831619, at *2 (W.D. Tex. Feb. 24, 2022).   That case was factually similar to this case in one particularly notable way.   In this case, Mr. Bernal admitted that his supplemental report was in response to criticisms by the opposing party.   Resp. to Mot.

to Strike 8, ECF No. 91.   In *Daedalus Blue* the expert "conceded [ ] it was [the opposing party's] rebuttal report that prompted the filing of [the] second report."   *Id.* at \*5.

The Court agrees with Familias Unidas that Dr. Bernal's Supplemental report is not truly supplementary, and it agrees with other courts that have found that untimely reports that undergo novel analyses should be stricken.   Mr. Bernal clearly used his Supplemental Report to perform a new analysis with data that he had available to him at the time he wrote his original report.   In Mr. Bernal's own words, "for this supplemental report, I took the analysis a step further and only looked at the populations of the students in the 15 schools closed."   Bernal January 17, 2022 Report ¶ 6, ECF No. 85–3 at 4.   This contradicts his first report, where he used the entire Hispanic population of elementary school students within EPISD to perform his disparate impact calculations.   Bernal First Report ¶ 5, ECF No. 85–1 at 3.

EPISD argues that Dr. Bernal's supplemental report is appropriate because it was in response to a criticism raised by Familias Unidas's expert Dr. Bronars for the first time during Dr. Bronars's deposition on December 7, 2021.   Resp. to Mot. to Strike 8, ECF No. 91.   "After learning of this new criticism for the first time on December 7, 2021, counsel for EPISD, Mr. Osborn, asked Mr. Bernal to redo the analysis from his First Report by changing the denominator."   *Id.*

However, supplemental expert reports are meant to correct prior "incomplete or incorrect" expert disclosures based on information in the expert's original report that was later found to be incomplete or incorrect.   Fed. R. Civ. P. 26(e)(2).   The Rule is not designed to provide additional opportunities for experts to rebut the opposing party's criticisms, as the Defendant is attempting to do here.   This is made clear by the text of Rule 26(e) which states that parties have a duty to supplement material when it is later found to be "incomplete or

7

incorrect, *and if the additional or corrective information has not otherwise been made known to other parties* during the discovery process or in writing." Fed. R. Civ. P. 26(e) (emphasis added). This language shows that supplemental reports are designed to ensure the opposing party has correct and complete information about prior disclosures, not to provide additional opportunities for rebuttal. Thus, Dr. Bernal's supplemental report is not "supplemental" and violates Rule 26.

2.      **Portions of Mr. Bernal's Sur-Rebuttal Report Exceed the Scope of the Sur-Rebuttal Allowed by the Court.**

Mr. Bernal's Sur-Rebuttal Report critiques the statistical method used by Dr. Bronars in his March 26th report to evaluate disparate impact, suggests that he should have instead performed a multivariate regression analysis, and performs that new analysis. Bernal June 25, 2021 Rep., ECF No. 85–2. Familias Unidas alleges that paragraphs 5, 10, and 11, chart 2, and pages 11–12 of Mr. Bernal's Sur-Rebuttal report should be stricken for two reasons. First, it alleges that these portions of the report do not respond to the criticisms contained in Dr. Bronars's May 28 rebuttal report, but instead address Dr. Bronars original analysis contained in his March 26th report, when the Court specifically granted Mr. Bernal permission to rebut the May 28 expert report. Mot. to Strike 6, ECF No. 85; Order Granting Motion for Extension of Rebuttal Expert Deadlines, ECF No. 64. Second, it alleges that these sections of the report present a new analysis and opinion that is inconsistent with Mr. Bernal's original report. Mot. to Strike 6, ECF No. 85.

EPISD argues that Mr. Bernal does not perform a new analysis in his Sur-Rebuttal Report, but merely says that Dr. Bronars *should have* performed a different type of analysis. Resp. 10, ECF No 91. EPISD also argues that none of Mr. Bernal's Sur-Rebuttal Report should

8

be stricken because Familias Unidas may cross-examine Mr. Bernal regarding the report, and thus, it has suffered no harm or prejudice.  *Id.*

### a. Legal Standard for Sur-Rebuttal Reports

Rule 26 requires that an expert's original report must contain "a *complete* statement of *all* opinions the witness will express."    Fed. R. Civ. P. 26(a)(2)(B) (emphases added).    Thus, it "allows for the designation of a rebuttal expert witness 'solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) . . . ."  *Rex Real Estate I, L. P. v. Rex Real Estate Exchange, Inc.*, No. A-19-CV-00696-RP, 2022 WL 1014139, at *2 (W.D. Tex. Apr. 5, 2022) (citing Fed. R. Civ. P. 26(a)(2)(D)(ii)).    The Federal Rules do not authorize sur-rebuttal reports in every case, and to read them as doing so would be nonsensical as it would "open[ ] the door to an infinitely iterative process whereby each new report necessitates not only a counter-report but also a repeat deposition."  *Wal-Mart Stores, Inc. v. Texas Alcoholic Beverage Commission*, 1:15-cv-134-RP, 2017 WL 9480314, at *2 (W.D. Tex. May 22, 2017).

However, a sur-rebuttal report may be authorized in a particular case by a district court.  *U.S. v. Moody*, 903 F.2d 321, 330–31 (5th Cir. 1990) (citations omitted) ("The decision to permit surrebuttal falls within the discretion of the trial court . . . .).    Rule 26 requires that the scope of such a sur-rebuttal report be limited to evidence that contradicts or rebuts the testimony and opinions contained within the rebuttal report.  *See, e.g., Shen Wei (USA) Inc. v. Sempermed USA, Inc.*, No. 05 C 6004, 2009 WL 674364 at *2 (N.D. Ill. Mar. 12, 2009) (finding that a sur-rebuttal report exceeded the permissible scope by bringing up novel arguments rather than refuting opposing counsel's expert's opinion with evidence contained in previous reports).    A sur-rebuttal report that "raise[s] new arguments or opinions that were not introduced in the first

9

report" thus violates Rule 26.   *U.S. Bank Nat'l Ass'n v. Verizon Commc'ns Inc.*, No. 3:10-CV-1842-G, 2012 WL 12885083, at *1 (N.D. Tex. Aug. 3, 2012).

> **b. Paragraphs 5, 10, and 11, Chart 2, and Pages 11–12 of Mr. Bernal's Sur-Rebuttal Report do not comply with the Court's order allowing a Sur-Rebuttal Report and because they introduce new analyses in violation of Rule 26.**

Sur-rebuttal expert reports were not contemplated in the Scheduling Order in force when the expert reports were filed.   Revised Scheduling Order, ECF No. 37.   The Court subsequently issued an order, consistent with the requirements of Rule 26, that allowed EPISD to "designate [a] rebuttal expert *in response to the May 28, 2021 expert report of Stephen Bronars* [Familias Unidas's expert]" and serve his report.   Order Granting Motion for Extension of Rebuttal Expert Deadlines, ECF No. 64 (emphasis added).   Mr. Bernal was thus authorized to respond only to Dr. Bronars's May 28, 2021 expert report.   Any arguments not responsive to that report are thus in violation of both the Court's order and Rule 26.   The Court turns now to the issue of whether Mr. Bernal's Sur-Rebuttal Report contains any such arguments.   Revised Scheduling Order 1, ECF No. 37.

Paragraph 5 of Mr. Bernal's Sur-Rebuttal Report contains an admission by Mr. Bernal that he is rebutting Dr. Bronars's March 26th report, not his May 28 report: "Based on my review and analysis of the work completed by Dr. Stephen Bronars, and his rebuttal on March 26, 2021, I have determined that his analysis remains statistically flawed . . . . "   Bernal June 25, 2021 Rep. ¶5, ECF No. 85–2.   Mr. Bernal then goes on to propose a new analysis, a multivariate regression analysis, to determine the role of race in the closure of the three elementary schools.   *Id.*   Paragraphs 10 and 11 further discuss the multivariate regression analysis and argue that Dr. Bronars should have performed that analysis.   *Id.* at ¶¶10, 11.   Chart 2 and pages 11–12 of the

report appear to show the results of a multivariate regression analysis performed by Mr. Bernal. *Id.* at 6, 11–12.

Reports that include "new arguments, analyses and opinions" should be excluded. *Wal-Mart Stores, Inc.*, 2017 WL at *2.   A court in the Western District of Texas recently found that a second report that included a new regression analysis that attempted to "control for confounding variables" was excludable because Rule 26 does not allow additive reports.   *Id.* at 3.   Dr. Bernal's Sur-Rebuttal Report, like the one at issue in *Wal-Mart*, attempts to perform an entirely new analysis to show "that other factors should have been considered in [Dr. Bronar's] statistical analysis."   *Id*; Bernal June 25, 2021 Rep. ¶11, ECF No. 85–2.

Because they contain a novel analysis and respond to Mr. Bronars's May 28 report and not his March 26th report, portions of Mr. Bernal's Sur-Rebuttal report run afoul of Rule 26 and the scheduling order permitting the report.   Thus, paragraphs 5, 10, 11, chart 2, and pages 11–12 of Mr. Bernal's Sur-Rebuttal Report violate Rule 26.

### 3.   EPISD's Failure to Comply With Rule 26 is Not Substantially Justified or Harmless. Thus, per Rule 37(c)(1), They Should be Stricken.

Rule 37 defines the sanction for violations of Rule 26.   The Court now determines whether Rule 37 requires that the Supplemental Report and portions of the Sur-Rebuttal report, which the Court has determined to have violated Rule 26, must be stricken.

#### a.   Legal Standard for Striking Evidence

"If a party fails to provide information . . . as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless."   Fed. R. Civ. P. 37(c)(1). The burden of proving that the failure to disclose was substantially justified or harmless is on the

party facing sanctions.   *Sanchez v. Swift Transp. Co. of Arizona, LLC*, 4:15CV15–LG, 2017 WL

2829703, at *2 (W.D. Tex. June 29, 2017) (citations omitted).

    In *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, the Fifth Circuit

set out four factors to evaluate whether a failure to disclose information in discovery was

substantially justified or harmless: "(1) the importance of the witnesses' testimony; (2) the

prejudice to the opposing party of allowing the witnesses to testify; (3) the possibility of curing

such prejudice by granting a continuance; and (4) the explanation, if any, for the party's failure

to comply with the discovery order."   73 F.3d 546, 572 (5th Cir. 1996) (citing *Bradley v. United

States*, 866 F.2d 120 125 (5th Cir. 1989).

> **b.** **The information contained in the reports subject to being stricken is
> not important enough to be substantially justified.**

    With respect to Mr. Bernal's Supplemental Report, EPISD argues that it is

important "because it mimics Dr. Bronars' analysis with the correction of accounting for the

variation in the size of the schools being studied, it accounts for Dr. Bronars' criticism first

raised in his deposition, and the results show there is no disparate impact when the variation in

the size of [ ] schools [ ] is accounted for."   Resp. 9, ECF No. 91.   With respect to Mr. Bernal's

Sur-Rebuttal Report, EPISD does not appear to address the importance of the potentially

excludable report other than to say that it contains "evidence that bears directly on the merits of

Plaintiff's claims."   Resp. 11, ECF No. 91.

    Familias Unidas argues that neither the Supplemental Report nor portions of the

Sur-Rebuttal Report are important because Mr. Bernal had the data necessary to run the analyses

in his first report, and he chose not to.   Mot. to Strike 9, ECF No. 85.   Additionally, it argues

that the information that EPISD alleges was first raised in Dr. Bronars's deposition, was actually

raised in his sur-rebuttal report in May, before EPISD filed its sur-rebuttal report.   Mot. to Strike

8, ECF No. 85.   Lastly, Familias Unidas also argues that the importance of the portions of the reports at issue is diminished by the fact that Mr. Bernal would still be able to testify as to the analysis he performed in his first report.

        The Court agrees with Familias Unidas.   Even if the reports are stricken, EPISD retains the ability to present the analysis it performed in its first report and to present the arguments in its Sur-Rebuttal Report that properly responded to Mr. Bronars's May 28 report. Additionally, the non-importance of the analyses is shown by the fact that they weren't performed in the first two opportunities Mr. Bernal had to perform them.   As another district court stated, "[i]f the tests were that important, defendant should have conducted them earlier, and if that were not possible, it should have sought the Court's permission to conduct them later." *Phillips v. Gen. Motors Corp.*, No. CIV.A.99–3423, 2000 WL 1285380, at *5 (E.D. La. Sept. 12, 2000).

### c.      Allowing the Court to consider Mr. Bernal's supplemental report and portions of his sur-rebuttal report would prejudice Familias Unidas.

        If the reports were allowed in, they would prejudice Familias Unidas.   Allowing a supplemental report prejudices the opposing party when that party would "lack[ ] the appropriate time to properly consider the new report and prepare an adequate rebuttal due to Defendants' untimel[iness]." *Kumar v. Frisco Indep. Sch. Dist.*, 476 F. Supp. 3d 439, 470 (E.D. Tex. 2020).   The Court agrees with Familias Unidas that the sections of the reports at issue in this case "introduced new opinions and analyses under the guise of sur-rebuttal and supplemental reports, depriving Plaintiff of any meaningful opportunity to rebut them with a report from its own or additional rebuttal experts."   Resp. 9, ECF No. 85.

### d.  The prejudice to Familias Unidas from the reports cannot be cured through a continuance.

Thirdly, allowing a continuance would not cure the prejudice to Familias Unidas because of the burden it would place on Familias Unidas to designate a rebuttal expert at the last minute due to EPISD's untimely filings.   Mot. to Strike 10, ECF NO. 85.   Additionally, deadlines in this case have already been postponed four times, and trial is less than two months away.   Order Granting Motion to Extend Fourth Scheduling Order Deadlines, ECF No. 76; Order Resetting Bench Trial, ECF No. 108.   Thus, the court will not grant a further continuance.

### e.  There is no valid explanation for EPISD's failure to comply with Rule 26 and the Court's scheduling orders.

Per the Court's scheduling orders, EPISD had the opportunity to provide a rebuttal report to Mr. Bronar's first report in April of 2021.   EPISD did not designate a rebuttal expert at the time.   Instead, EPISD requested an additional opportunity to submit a sur-rebuttal report in June 2021.   ECF No. 65.   Even though sur-rebuttal expert reports are not routine, and were not initially contemplated in the Court's scheduling order, the Court granted EPISD an opportunity to submit an additional report.   Furthermore, the order granting the Sur-Rebuttal Report by Mr. Bernal was limited in scope.   There was no reason for EPISD to introduce new analyses in its Sur-Rebuttal Report or to produce a Supplemental Report without permission by the Court.

## CONCLUSION

Plaintiff Familias Unidas moves to strike expert witness Andres Bernal's Supplemental Report and paragraphs 5, 10, and 11, chart 2, and pages 11–12 of his Sur-Rebuttal Report, arguing that these reports violate Federal Rule of Civil Procedure 26.   The Court finds that Mr. Bernal's reports do violate Rule 26 and that these violations are not substantially

justified or harmless under Rule 37 and must be stricken.    Familias Unidas's Motion to Strike will therefore be granted.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff Familias Unidas Por La Educación's "Opposed Motion to Strike Supplemental Expert Report and Portions of Sur-Rebuttal Report of Andres Bernal," ECF No. 85, is **GRANTED**.

**IT IS FURTHER ORDERED** that paragraphs 5, 10, 11, chart 2, and pages 11–12 of "Bernal June 25, 2021 Report" and "Bernal January 17, 2022 Report," ECF Nos. 85-2 and 85-3 are **STRICKEN** from the record.

**SIGNED** this _22<sup>d</sup>_ day of **July 2022**.

_____
**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**