IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| FAMILIAS UNIDAS POR LA EDUCACION, § § § | |
| Plaintiff, § § | |
| v. § | EP-20-CV-00170-DB-ATB |
| § § | |
| EL PASO INDEPENDENT SCHOOL DISTRICT, § § § | |
| Defendant. § | |

## ORDER SETTING MEDIATION

On this day, the Court considered the status of the above-styled and numbered cause. On August 24, 2022, Senior United States District Judge David Briones referred this matter to the undersigned for mediation and ordered that mediation be completed by September 30, 2022. (ECF No. 114). On August 31, 2022, the parties filed a Joint Motion for Extension of Time to Conduct Mediation and the Court granted that motion. (ECF No. 116). The parties have been in contact with chambers to schedule the mediation. Accordingly, the Court **HEREBY ORDERS** the parties to appear for a mediation on **Monday, October 3, 2022**. The mediation will take place from **8:30 a.m. to 12:00 p.m.** before United States Magistrate Judge Anne T. Berton in Courtroom #412, United States Courthouse, 525 Magoffin Avenue, El Paso, Texas 79901.

The parties must be present and in person at the mediation. In the case of an entity, such as a corporation or governmental entity, an officer or other representative with complete authority to enter into a binding settlement must be present in person.[1] A person with "complete authority" is someone who has the experience and judgment to exercise that authority without having to

---

[1] This requirement will only be waived upon a showing of exceptional circumstances. If counsel believes that such circumstances exist, a letter detailing why the Court should excuse the representative from personal attendance should be electronically filed for consideration at least ten days before the scheduled mediation or immediately upon learning of the extenuating circumstances, whichever event is earlier.

consult with anyone who is not in attendance at the mediation.[2]  Attendance by the attorney for a party is not sufficient.

**IT IS FURTHER ORDERED** that each party will submit a short brief candidly setting forth the following **on or before Monday, September 26, 2022**:

1. The name and position of each individual who will attend the mediation;

2. Facts that each side believes they can prove at trial;

3. The major weaknesses in each side's case, both factual and legal;

4. An evaluation of the relief requested and the likelihood of such relief being agreed upon;

5. The history of any settlement negotiations to date; and

6. An estimate of attorney's fees and costs of litigation through trial.

The briefs shall be submitted *ex parte* via email to chambers at Omid_Abaei@txwd.uscourts.gov.  The briefs will be solely for the Court's use in preparing for the mediation.  The Court will also review the pleadings in the docket.  Should either party want the Court to review any case authorities believed to be critical to a just evaluation of the case, the parties should identify them.  Moreover, if the parties wish the Court to review any exhibits or deposition excerpts, they should attach a copy to the brief.[3]

---

[2] The Defendants have already notified the Court that the El Paso Independent School District Superintendent will be attending the mediation but that she will not have complete authority to approve any agreements that arise from the mediation, as the El Paso Independent School District Board of Trustees must give approval to a settlement of the lawsuit by a majority vote at a properly noticed public meeting.  Accordingly, the Board will not be attending the mediation.

Instead, the parties have agreed that if a proposed settlement agreement were to be acceptable to both sides present at the mediation, the agreement would subsequently be presented to the El Paso Independent School District Board of Trustees, with the recommendation from outside counsel, general counsel for the District, and the District Superintendent, that the Board approve the terms of the settlement.  However, final approval will be subject to independent approval by the Board.

[3] Please note that the American Bar Association Standing Committee on Ethics and Professional Responsibility has issued a Formal Opinion (No. 93-370) that precludes a lawyer, **ABSENT INFORMED CLIENT CONSENT**, from revealing to a judge the limits of the lawyer's settlement authority or the lawyer's advice to the client regarding

Mediations before the Court have proven more productive when the parties have previously exchanged demands and offers and have made a good faith effort to settle the case on their own.

**IT IS THEREFORE FURTHER ORDERED** that Plaintiff shall submit a written settlement demand to Defendant **on or before Monday, September 19, 2022**, with a copy to the Court.

**IT IS THEREFORE FURTHER ORDERED** that Defendant shall likewise submit a written offer to Plaintiff **on or before Monday, September 26, 2022**, with a copy to the Court.

The parties should be aware that at the outset of the mediation, the Court will usually ask each party to give a brief, five-minute overview of the trial, including expected witnesses and documentary evidence, and any crucial evidentiary issues. Most importantly, the parties are reminded that the mediation will be confidential, and disclosure of confidential dispute resolution communications is prohibited. *See* 28 U.S.C. § 652(d); W.D. Tex. Civ. R. 88.

**SO ORDERED.**

**SIGNED** and **ENTERED** this 1st day of September, 2022.

_____
**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**

---

settlement. The opinion does not preclude a judge, in seeking to facilitate a settlement, from inquiring into those matters. Therefore, please discuss these items with your client before appearing for the mediation.